**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

RONALD BLAIR, JR.,

           Plaintiff,

      v.                                                                                     **DECISION AND ORDER**
                                                                                              15-CV-307-A

ANDREW SAUL,[1]
Acting Commissioner of Social Security,

           Defendant.
_____

      Plaintiff's attorney, Timothy Hiller, has filed a motion for approval of his attorney's fee pursuant to 42 U.S.C. § 406(b). Before approving Hiller's fee, the Court must perform an "independent check[]" of the request. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Upon such review, the Court may approve a "reasonable fee." 42 U.S.C. § 406(b). After its independent check, and for the reasons stated below, the Court finds that Hiller's requested fee of $15,213.88 is reasonable in this case. Moreover, under the circumstances, the Court will not deny Hiller's motion on the basis of untimeliness.

## BACKGROUND

      On April 9, 2015, Hiller filed a complaint in this Court pursuant to 42 U.S.C. § 405(g). The complaint sought review of the Commissioner's decision denying Plaintiff's application for Social Security benefits (i.e. Social Security Disability Insurance benefits and Supplemental Security Income benefits) (Dkt. No. 1). On November 12, 2015,

---

[1] Andrew Saul is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

1

Plaintiff filed his motion for judgment on the pleadings (Dkt. No. 12), and on December 2, 2015, the matter was referred to Magistrate Judge Jeremiah J. McCarthy, pursuant to 28 U.S.C. § 636(b)(1)(B) (Dkt. No. 13).  On February 10, 2016, the Commissioner filed a cross-motion for judgment on the pleadings (Dkt. No. 17).  After full briefing, Magistrate Judge McCarthy issued a Report and Recommendation recommending that the Plaintiff's motion be granted and remanded to the Commissioner for further proceedings, and the Commissioner's motion be denied (Dkt. No. 19).  This Court adopted Judge McCarthy's recommendation (Dkt. No. 20).  In August 2017, the parties stipulated that, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, Hiller was entitled to fees and expenses totaling $6,400.00 (Dkt. No. 25).

On remand, the Administrative Law Judge issued a partially favorable decision in favor of Hiller's client, concluding that Plaintiff was not disabled from October 1, 2012 to September 30, 2014, but was disabled from April 14, 2011 to September 30, 2012 and from October 1, 2014 through the date of the decision, i.e. June 12, 2018 (Dkt. No. 27-3). The Commissioner, however, withheld 25 percent of the Plaintiff's past-due benefits (totaling $15,213.88) for possible attorneys' fees (Dkt. No. 27-4, p. 4).

Hiller then filed a motion for fees pursuant to 42 U.S.C. § 406(b), which is now before the Court (Dkt. No. 27).  Hiller's motion seeks $15,213.88, the full amount the Commissioner has withheld from the Plaintiff's past-due benefits.  Hiller states that, if he is awarded the fee he seeks, he will, as required by statute, refund the $6,324.18[2] EAJA fee to his client.  *See* Dkt. No. 27; *see also Gisbrecht*, 535 U.S. at 796.  In support of his

---

[2] Hiller represents that on March 19, 2019, he received $6,324.18 of the stipulated $6,400.00 EAJA funds awarded, and that the balance was presumably offset to pay a government-related debt owed by the Plaintiff.  Dkt. No. 27-2, ¶ 12.

2

§ 406(b) motion, Hiller includes his billing records for this case, which show that he spent 33.9 hours on his representation of the Plaintiff before the Court (Dkt. No. 27-2 ¶ 13).

## DISCUSSION

**A.     Timeliness of Plaintiff's motion**

Former Local Rule of Civil Procedure 5.5(g)(1) (effective January 1, 2019), which was in place when counsel filed this motion, required that a plaintiff file a § 406(b) motion within 65 days of the date of the final notice of award.  Here, the Notice of Award was dated March 28, 2019 (*see* Dkt. No. 27-4, pp. 1-2) and the subject motion was filed on June 5, 2019 (*see* Dkt. No. 27) — 69 days after the date of the final notice of award.[3] The Commissioner takes no position on whether Plaintiff's motion was timely filed (*see* Dkt. No. 30, p. 5).  Plaintiff argues in his initial motion papers that this "brief delay" of four days was due to a "law office failure" and counsel's "inadvertence", asking this Court to exercise is discretion to excuse the conceded tardiness (Dkt. No. 27-1, p. 2; Dkt. No. 27-2, ¶ 19).

After the § 406(b) motion was fully briefed, the Second Circuit Court of Appeals decided *Sinkler v. Berryhill*, 932 F.3d 83 (2019), addressing the issue of timeliness in connection with § 406(b) motions.  Plaintiff submitted a supplemental filing in light of that decision, as directed by this Court (Dkt. Nos. 31, 32).  The Commissioner filed a letter again deferring to this Court on the issue of timeliness (Dkt. No. 33, p. 2).

Until *Sinkler*, district courts in the Second Circuit varied between applying a "reasonableness" standard for assessing the timeliness of § 406(b) motions pursuant to Fed. R. Civ. P. 60(b) and applying Fed. R. Civ. P. 54(d)(2)(B)'s 14-day filing period for

---

[3] Plaintiff's counsel alleged that the motion was being filed on June 6, 2019, even though the motion is time-stamped as having been filed on June 5, 2019 (*see* Dkt. No. 27-1, p. 2).

an attorney fee petition.  In *Sinkler*, the Second Circuit held that the 14-day deadline in Fed. R. Civ. P. 54(d)(2)(B) applies to § 406(b) motions, and is equitably tolled to run from the date the claimant receives the notice of benefits award (and, therefore, notice of the maximum attorney's fees that may be claimed).  *See Sinkler*, 932 F.3d at 87-89. The *Sinkler* case was decided on August 2, 2019—approximately two months after Plaintiff filed his motion for attorney's fees.[4]  On January 1, 2020, Local Rule 5.5(g)(1) was amended to reflect the *Sinkler* decision.

Pursuant to *Sinkler*, Plaintiff's counsel would have been required to file any § 406(b) motion by April 14, 2019 (i.e., fourteen days after the Notice of Award dated March 28, 2019, allowing an additional three days for mailing).  *See Sinkler*, 932 F.3d at 89 n.5 ("Nothing in this opinion departs from the law's presumption that a party receives communications three days after mailing."); *see also* Fed. R. Civ. P. 6(d).  Plaintiff filed his motion on June 5, 2019 — 52 days after the April 14, 2019 deadline.

Plaintiff contends that the Local Rule in effect at the time the motion was filed acted as a court-ordered extension of time to file it within the 65-day deadline instead of the 14-day deadline, pursuant to *Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220 (2d Cir. 2004) (*see* Dkt. No. 32, p. 1).  Plaintiff also argues that the Court should enlarge the filing period, even if *Sinkler* applies, because the delay was relatively short and thus an enlargement is "reasonable" (*see* Dkt. No. 32, p. 2).

It is undisputed that Plaintiff's motion for attorney's fees was not filed within the 65-day deadline mandated by former Local Rule 5.5(g)(1).  Plaintiff's counsel's

---

[4] The Court notes, however, that the appeal of this Court's April 11, 2018 decision in *Sinkler v. Berryhill*, 305 F. Supp. 3d 448 (W.D.N.Y. 2018), which was subsequently affirmed, was pending before the Second Circuit when the Notice of Award was issued and when the subject motion was filed.

4

explanation for his delay in filing the motion was conclusory, and he offered no documents supporting this explanation in his supplemental filing.

     Aside from the unsatisfactory excuse for the delay, which the Court cautions Plaintiff's counsel against trying in any future applications, this Court acknowledges that the law regarding the time requirements for filing § 406(b) motions was unsettled when Plaintiff's counsel received the Notice of Award and filed his motion, even following the district court's ruling in *Sinkler*. Because there does not appear to be prejudice to either party by Plaintiff's delay in filing his motion and Plaintiff's counsel offers at least some (albeit, conclusory) justification for the delay, the Court will exercise its discretion to extend Rule 54(d)'s 14-day filing period in this instance. *See, e.g., Anauo v. Saul*, 1:15-CV-00933(MAT), 2020 WL 1061487, at *2-3 (W.D.N.Y. Mar. 5, 2020) (granting extension of Rule 54(d)'s 14-day filing period because there was no prejudice due to the delay, and Plaintiff's counsel had received the Notice of Award before *Sinkler* was decided [although the motion was filed post-*Sinkler*]); *David B. v. Saul*, No. 3:17-CV-1242(DJS), 2019 WL 6123780, at *2 (N.D.N.Y. Nov. 19, 2019) (granting extension to file § 406(b) motion where the motion was filed after *Sinkler* was decided but the Notice of Award predated *Sinkler*, "and the application was only filed eleven days late"); *Wurzer v. Commissioner*, No. 15-CV-6528(CJS), 2019 WL 3821897, at *2-3 (W.D.N.Y. Aug. 14, 2019) (declining to deny Plaintiff's motion on the basis of untimeliness, where the Notice of Award pre-dated *Sinkler*, as did the filing of the motion itself, even though "it was unwise of Plaintiff to wait three-and-one-half-months to file the application following Judge Wolford's ruling in *Sinkler*"—noting that plaintiff's counsel in *Sinkler* was also plaintiff's counsel in *Wurzer*).

5

Accordingly, the Court will not deny Plaintiff's motion on untimeliness grounds. However, Plaintiff's attorneys are on notice that pursuant to the Second Circuit's decision in *Sinkler*, they must file § 406(b) motions within Rule 54(d)'s 14-day deadline, unless they can demonstrate a valid reason for an untimely filing, such as a delay in receiving the Notice of Award.

### B.     Standard for awarding fees under § 406(b)

The Social Security Act allows an attorney who successfully represents a Social Security claimant "before the court" to petition that court for "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b). The Supreme Court has held that § 406(b) "calls for court review of [contingent-fee] arrangements as an independent check[] to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. Towards that end, "Congress has provided" courts with "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing 42 U.S.C. § 406(b)).

"Within the 25 percent boundary," an attorney must show that "the fee sought is reasonable for the services rendered." *Id.* In other words, an attorney's fee is not presumptively recoverable simply because it is equal to or less than 25 percent of the client's recovery. Rather, § 406(b) "requires an affirmative judicial finding that the fee allowed is 'reasonable.'" *Id.* n.17 (internal quotation marks omitted). "[T]he attorney bears the burden of persuasion that the statutory [reasonableness] requirement has been satisfied." *Id.*

The Supreme Court has identified several factors that a court may use to assess the reasonableness of a contingent fee requested under § 406(b). First, a court may consider "the character of the representation and the results the representative achieved." *Id.* at 808. Second, a court may reduce an attorney's requested fee if the court finds that the attorney is responsible for delay in obtaining a judgment. In other words, because the attorney's fee is contingent on his client's recovery of past-due benefits, and because past-due benefits increase the longer a case lingers, the court may appropriately reduce a fee "so that the attorney will not profit" from delay that is attributable to him. *Id.* And third, a court may reduce a fee if the court concludes that the benefits recovered—which drive the size of an attorney's potential fee—"are large in comparison to the amount of time counsel spent on the case", the so-called "windfall factor." *Id.*

The Supreme Court and the Second Circuit have also identified two factors that act as a check on a court's reduction of an attorney's requested fee under § 406(b).

First, courts must be mindful that "payment for an attorney in a social security case is inevitability uncertain." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Thus, the Second Circuit has "recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id.* (internal quotation marks omitted). In other words, while "contingent fee agreements cannot simply be adopted as *per se* reasonable in all social security cases," courts should recognize that "a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Id.*

7

Second, "the traditional lodestar method, borrowed from fee-shifting contexts, is not appropriate for evaluating a reasonable fee" under § 406(b).  *Id.*  Thus, the Court may not evaluate the "reasonableness" of the attorney's fee by engaging in "satellite litigation." *Gisbrecht*, 535 U.S. at 808.  The Court should instead evaluate "the reasonableness of the contingency agreement in the context of the particular case."  *Wells*, 907 F.2d at 371.

Putting these principles together, a court's task under § 406(b) is, on the one hand, to "give due deference to the intent of the parties," but, on the other hand, to "not blindly approve every fee request made pursuant to a contingent agreement."  *Wells*, 907 F.2d at 372.  At bottom, a court should consider "whether there has been fraud or overreaching in making the agreement," or "whether the requested amount is so large as to be a windfall to the attorney."  *Id.*

C.     **Whether Hiller's requested fee is "reasonable" under § 406(b)**

With these principles in mind, the Court assesses the reasonableness of Hiller's requested fee.  The Commissioner does not raise any objections to Hiller's fee request and suggests that the amount of fees requested is reasonable (Dkt. No. 30, p. 5).[5]  Given the facts of this case, the Court agrees, and also finds that the requested fee is not a windfall.

As an initial matter, the Court notes that Hiller's request of $15,213.88 represents exactly 25 percent of the total past-due benefits awarded to Plaintiff.  It therefore does not exceed the statutory cap.  It furthermore is permissible under the fee agreement

---

[5] Fees requested pursuant to § 406(b) come from the attorney's client's recovery.  They do not come, as they do in the EAJA context, from the public fisc.  Thus, unlike a claim for fees under the EAJA, the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead [he or] she plays a part in the fee determination resembling that of a trustee for the claimants."  *Gisbrecht*, 535 U.S. at 798 n.6.

between Plaintiff and Hiller, which, consistent with the statutory cap, provides for 25 percent of any past due benefits awarded (Dkt. No. 27-5, ¶ 3). Given that Plaintiff's attorney has not requested an increased fee amount, the Court concludes that there is no evidence of fraud or overreaching.

With regard to the first *Gisbrecht* factor, the Court finds that the requested fee is in line with the "character of the representation and the results the representation achieved." Here, Hiller's effective briefing in this Court (a motion for judgment on the pleadings, followed by a reply) secured a reversal and remand for further administrative proceedings. Following remand, an Administrative Law Judge issued a partially favorable decision, awarding Plaintiff benefits (Dkt. No. 27-3). This factor accordingly weighs in favor of finding reasonableness.

As to the second factor, Hiller did not engage in dilatory litigation tactics or otherwise cause delay in the proceedings that might have inflated past due benefits and therefore the potential fee award. Hiller requested just two extensions during the pendency of this action in the district court (*see* Dkt. Nos. 7, 9). Thus, the second factor also weighs in favor of finding reasonableness.

With regard to the third *Gisbrecht* factor, whether a requested fee would be a "windfall" for purposes of § 406(b), courts consider several factors, including "1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally 3) whether the case was handled efficiently

9

due to the attorney's experience in handling social security cases." *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456-57 (W.D.N.Y. 2005).

Based on the itemized statement submitted, Hiller spent a total of 33.9 hours representing Plaintiff in the district court. Dividing the Section 406(b)(1) fee requested ($15,213.88) by the total hours expended by Haungs (33.9) yields an effective hourly rate of $448.79. As the Commissioner notes in his response, other Courts in this District and Circuit have found that effective hourly rates similar to that requested by Plaintiff's counsel are not unreasonable (*see* Dkt. No. 30, pp. 3-4). Moreover, Hiller already has been awarded $6,324.18 in EAJA fees, which amount will be refunded to Plaintiff. This means the net award to Plaintiff's counsel under Section 406(b) will be $8,889.70. Dividing $8,889.70 by 33.9 yields an effective hourly rate of $262.23. The Court finds that such a rate is clearly reasonable.

In assessing the reasonableness of Hiller's requested fee, the Court has also considered that counsel previously stipulated to an EAJA award of $6,400.00 for the same work at issue in his § 406(b) motion. This provides the Court with a rough baseline of what a "reasonable" fee might be in this case. Balanced against that fact, however, the Court must consider the Second Circuit's reminder that a contingency agreement, which is the basis for the fee Hiller requests in his motion, "is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Wells*, 907 F.2d at 371. Thus, in assessing whether counsel's requested fee is reasonable under § 406(b), the Court is very cognizant of the fact that Hiller assumes the risk of nonpayment in all of his Social Security matters.

After considering these facts, the Court concludes that Hiller's requested $15,213.88 fee is "reasonable."  42 U.S.C. § 406(b).  The Court finds that Hiller's requested fee is not a windfall, *see Joslyn*, 389 F. Supp. 2d at 456, that counsel did not delay the resolution of this case, and that Hiller's requested fee reasonably compensates an attorney with Hiller's experience in handling Social Security claims.

## CONCLUSION

Timothy Hiller's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) is granted.  The Court finds that Hiller is entitled to recover $15,213.88 for his work on this case.  Thus, the Commissioner shall release to Timothy Hiller, Esq. the $15,213.88 he has withheld from the Plaintiff's award.  Further, Hiller shall refund his $6,324.18 EAJA fee to the Plaintiff.

**SO ORDERED.**

Dated: May 27, 2020                *s/Richard J. Arcara*
   Buffalo, New York             HONORABLE RICHARD J. ARCARA
                                                        UNITED STATES DISTRICT JUDGE